KAREN I. RECTOR, Special Adm'r of the Estates of Bobby Ford, Deceased, and Matthew Rector, Deceased, Plaintiff-Appellant, v. STACE R. MAT-TINGLY, Defendant (The County of Williamson, Defendant-Appellee).

Fifth District    No. 5—94—0289

Opinion filed June 29, 1995.

Stanley W. Narusis, of Marion, for appellant.

Knight, Hoppe, Fanning & Knight, Ltd., of Des Plaines (John J. Kohnke and Colleen C. Coburn, of counsel), for appellee.

JUSTICE CHAPMAN delivered the opinion of the court:

Bobby Ford and Matthew Rector were riding in a car driven by Stace Mattingly, when the car dropped off the road's edge, travelled for some distance, and collided with a concrete culvert near the north edge of the county road. Ford and Rector were killed. Karen Rector, as special administrator, filed a complaint to recover damages for the wrongful deaths of the boys. The complaint alleged that the County of Williamson (County) was negligent in that it knowingly created and permitted a dangerous condition to exist. The claimed dangerous condition was a highway surface 10 to 12 inches higher than the abutting shoulder and a shoulder that concealed and obscured a concrete abutment. The County denied that the alleged dropoff constituted negligence, and the County pled the affirmative defense of comparative negligence. The County subsequently filed a motion for summary judgment, which the trial court allowed. We reverse.

Plaintiff appeals from the court's order which entered summary judgment for the County and from the court's order of April 12, 1994, denying plaintiff's motion to reconsider the court's ruling. The court's summary judgment ruling provides in pertinent part:

"As a matter of law, the conduct of the defendant driver was the sole proximate cause of the occurrence[,] and the persons in the vehicle, including plaintiff's decedents, were not intended or permitted users of the highway, under the facts presented here."

The court further stated:

"[T]he vehicle, here, went off the paved portion of the roadway;

travelled approximately 160 feet, while off the paved roadway, in a straight path, and not in an erratic manner, until it impacted with an abutment; *** no problem, or defect, with the paved portion of the roadway caused the vehicle to deviate from the paved portion of the roadway; and *** the driver was intoxicated."

Plaintiff argues that Williamson County owed decedents a duty of care pursuant to section 3—102(a) of the Local Governmental and Governmental Employees Tort Immunity Act (the Act) (745 ILCS 10/3—102(a) (West 1992)), for the following reasons. Plaintiff contends that decedents were using the county road as it was intended to be used because they were passengers in a car on that road. Plaintiff argues that the driver's violation of a State law prohibiting driving under the influence (625 ILCS 5/11—501(a) (West 1992)), without proof that the violation was the sole proximate cause of the injury, should not prevent plaintiff from seeking compensation for the injury caused by Williamson County's negligence in maintaining the roadway.

The County first argues that it owed no duty to the decedents because they were not exercising ordinary care at the time of the accident as passengers in a speeding car driven by an intoxicated motorist. The County contends that section 3—102(a) of the Act provides that local governments have a duty to maintain their property for the benefit of only those persons who are exercising ordinary care for their own safety.

■ The duty of a local governmental entity to maintain its property is limited by section 3—102(a) of the Act, which states in pertinent part:

"Except as otherwise provided in this Article, a local public entity has the duty to exercise ordinary care to maintain its property in a reasonably safe condition *for the use in the exercise of ordinary care of people* whom the entity intended and permitted to use the property in a manner in which and at such times as it was reasonably foreseeable that it would be used." (Emphasis added.) (745 ILCS 10/3—102(a) (West 1992).)

The Illinois Supreme Court recently interpreted the emphasized language:

"In this context, the language in section 3—102(a) is clear: the city has a duty to maintain its property in a reasonably safe condition so that persons using ordinary care are not harmed. Rather than limiting the city's duty to only those individuals exercising ordinary care, as the city suggests, the language 'in the use of ordinary care' limits the amount of care the city need exercise in maintaining its property. This ensures that the city does not become an insurer for the traveling public's safety and that the

public is not relieved of its duty to exercise ordinary care." (*Wagner v. City of Chicago* (1995), 166 Ill. 2d at 144, 151.) The court further noted that the purpose of section 3—102(a) is not to grant defenses and immunities, but to codify, "for the benefit of intended and permitted users, the common law duty of a local public body to properly maintain its roads." (*Wagner*, 166 Ill. 2d at 152.) *Wagner* made clear that if the governmental entity breaches its duty to maintain its property in a reasonably safe condition, even a negligent plaintiff may recover to the extent permitted under principles of comparative negligence.

In light of the holding in *Wagner*, we must reject the County's argument that it owed no duty to decedents because of the claimed failure of decedents to exercise ordinary care.

■ The County also argues that section 3—102(a) of the Act precludes a suit against the County because the Act provides that a county owes no duty of care to those persons who are not intended and permitted users of the road. The County fails to recognize the difference between an intended and permitted use of its property by a negligent plaintiff and an unintended and prohibited use of the property. As the court noted in *Wagner v. City of Chicago* (1995), 166 Ill. 2d 144, the intended use of the streets is for purposes of travel and as a means of access to and egress from property abutting thereon. (*Wagner*, 166 Ill. 2d at 154.) In the case at bar the County does not dispute that Mattingly and the decedents were using the roadway for purposes of travel. Thus, the decedents were intended users of the road. Furthermore, the use which decedents made of the road—for purposes of travel—is not prohibited. Although the facts indicate that Mattingly and the decedents were intoxicated at the time of the accident, the focus is on the intended and permitted use of the road, and not whether that use was made by a negligent plaintiff. See *Wagner*, 166 Ill. 2d at 154-55.

The County also argues that Mattingly was an intoxicated motorist whose condition prevented the decedent passengers from being intended or permitted users of the roadway. The County cites *Thompson v. County of Cook* (1993), 154 Ill. 2d 374, 609 N.E.2d 290, in support of its position. In *Thompson* the family of a passenger killed in an automobile accident sued the county because the highway allegedly lacked proper warning signs. *Thompson* declined to reach the issues regarding application of the Local Government and Governmental Employees Tort Immunity Act and found that the county owed no duty to the plaintiff because the decedent driver's actions in driving while intoxicated, speeding, eluding the police, and disregarding traffic signs were the sole proximate cause of the accident.

■ The instant case is distinguishable from *Thompson* because here it cannot be definitively determined that Mattingly's speeding and/or the decedents' knowingly riding with an intoxicated driver was the sole proximate cause of the accident. Plaintiff argues that the road and shoulder area are defective and that but for this condition the accident would not have occurred. Brent Mosel, a Jackson County deputy certified as an accident reconstructionist, testified at the coroner's inquest that the roadway drops off about a foot and the embankment drops down to a depth of 4 feet 1 inch. Mosel testified that from his observations, there was no indication of sudden jerking off the roadway.

James Haun testified at the coroner's inquest that he observed the vehicle drop off at an angle for a few seconds and then suddenly go from an angle position to straight up and down before disappearing. Val D'Albro, another eyewitness, testified that he noticed headlights coming toward him weaving on and off the shoulder, and as the vehicle passed him he heard a scraping sound. D'Albro testified that the car was not driving in an erratic manner, and it appeared that the driver ran off the edge of the road and was trying to get back on the road. Given the facts presented, particularly D'Albro's testimony and the inferences that can be drawn from it, we conclude that the trial court erred in granting the County's motion for summary judgment.

Summary judgment shall be rendered only if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. (735 ILCS 5/2—1005 (West 1992); *Outboard Marine Corp. v. Liberty Mutual Insurance Co.* (1992), 154 Ill. 2d 90, 102, 607 N.E.2d 1204, 1209.) A triable issue precluding summary judgment exists where the material facts are disputed or where, the material facts being undisputed, reasonable persons might draw different inferences from the undisputed facts. (*Gilbert v. Sycamore Municipal Hospital* (1993), 156 Ill. 2d 511, 518, 622 N.E.2d 788, 792.) The trial court held that Mattingly's conduct was the proximate cause of the accident and that the decedents were not intended or permitted users of the highway. Based on our review of the record and analysis of the most recent law in this area, we conclude that the trial court erred in entering summary judgment for the County.

Accordingly, the judgment of the trial court is reversed, and this cause is remanded for further proceedings.

Reversed and remanded.

GOLDENHERSH and WELCH, JJ., concur.